UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CASE NO. 13-CR-251 (CKK)** |
| ) | |
| v. ) | **UNDER SEAL** |
| ) | |
| **LUIS GABRIEL RODRIGUEZ SERPA,** ) | |
| ) | |
| **Defendant.** ) | |

**GOVERNMENT'S MOTION TO DISMISS INDICTMENT AND
QUASH ARREST WARRANT**

The United States, by and through the undersigned attorney, respectfully submits this motion pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss without prejudice the Indictment and moves to quash the arrest warrant as to Defendant Luis Gabriel Rodriguez Serpa (hereinafter, "Defendant"). For the reasons set forth below, the Court should grant the motion to dismiss without prejudice.

**PROCEDURAL BACKGROUND AND BASIS FOR MOTION**

On August 30, 2013, a Grand Jury sitting in this District returned a sealed Indictment charging the Defendant with one count of conspiracy to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, knowing and intending that the substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960(b)(i)(B), and 963, and 18 U.S.C. § 2 (Count One).

The Defendant's conduct was alleged to have occurred in the countries of Colombia, Guatemala, Mexico, and the United States from in or about May 2011 and continuing to in or about December 2011. The Indictment arose out of an investigation into a drug trafficking organization's conspiracy to traffic large quantities of cocaine from Colombia to the United States. As part of the

1

conspiracy, the Defendant made arrangements for the production of approximately 500 kilograms of cocaine in Colombia and agreed to personally supply and ship the cocaine to Guatemala via private aircraft, where it would be funneled through Mexico and into United States markets by the Defendant's associates. These events took place in a series of documented meetings with confidential sources in Colombia and Guatemala.

At the time the Indictment was returned in August 2013, Defendant's whereabouts were unknown and international law enforcement efforts to locate and capture him were ongoing. The Government has learned that on or about August 7, 2015, Defendant died in a plane crash in Bucaramba, Colombia. The Government received an official copy of Defendant's death certificate from Colombian authorities through the Mutual Legal Assistance Treaty process. Although the Government still possesses evidence against Defendant, the evidence of his death requires the Government to move to dismiss the Indictment and to quash the issued arrest warrant.

## APPLICABLE LAW AND MOTION TO DISMISS

Pursuant to Rule 48(a), Federal Rules of Criminal Procedure, the Government may, with leave of the Court, dismiss an indictment. The District Court should review the motion to dismiss to ensure it is not "clearly contrary to manifest public interest." *Rinaldi v. United States*, 434 U.S. 22, 30 (1977). The prosecutor should provide a statement of reasons and underlying factual basis for the motion to dismiss. *United States v. Ammidown,* 497 F.2d 615, 619-21 (D.C. Cir. 1974).

The United States possesses evidence corroborating the Defendant's involvement in the charged international drug trafficking conduct. However, the Government submits that considering the Defendant's death, it is within the public interest to move for the dismissal without prejudice of the Indictment. As previously stated, the Government has every reason to believe that

the Defendant is truly deceased, as evidenced by an official death certificate provided directly by Colombian authorities.

THEREFORE, the United States respectfully asks the Court to grant the motion and dismiss the Indictment without prejudice and quash the arrest warrant as to the Defendant.

Respectfully submitted this 10th day of October, 2024.

                                              Respectfully submitted,

                                              MARLON COBAR, Chief
                                              Narcotic and Dangerous Drug Section
                                              Criminal Division
                                              U.S. Department of Justice


By:     */s/ Douglas Meisel*
                    Douglas Meisel
                    Trial Attorney
                    Narcotic and Dangerous Drug Section
                    Criminal Division
                    U.S. Department of Justice
                    145 N Street, NE, Second Floor East
                    Washington, D.C. 20530